**Avon DAVIS, Appellant,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Appellee.**

No. 89–1042.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 15, 1989.

Decided Oct. 25, 1989.

Anthony Bartels, Jonesboro, Ark., for appellant.

Esther R. Scherb, Baltimore, Md., for appellee.

Before BOWMAN and MAGILL, Circuit Judges, and HARPER,* Senior District Judge.

PER CURIAM.

The issue in this case is whether the

---

* The Honorable Roy W. Harper, Senior United States District Judge for the Eastern District of Missouri, sitting by designation.

district court[1] abused its discretion in denying a motion by the claimant's attorney to hold the Secretary of Health and Human Services in contempt for failure to comply with the district court's order awarding attorney's fees. Because the Secretary fully complied with the order, we affirm.

## I.

The claimant, Avon Davis, was represented by an attorney, Anthony Bartels, in administrative and district court proceedings concerning the termination of his disability insurance benefits. In March 1984, the Secretary determined that Davis' disability had ceased and he was no longer entitled to disability insurance benefits. Davis appealed this decision to the district court. The case was remanded for further administrative review following enactment of the Social Security Disability Benefits Reform Act of 1984.[2] During the pendency of administrative proceedings on remand, Davis received approximately $15,000 in interim benefits. In January 1987, the Secretary reinstated Davis' benefits. The Secretary then notified Davis in February 1987 that his past due benefits totaled $6,205.20 and that twenty-five percent of this amount ($1,551.30) would be withheld for payment of authorized attorney's fees. The Secretary did not include interim benefits as part of past due benefits in calculating the amount to be withheld.

On March 19, 1987, Bartels petitioned the district court for $5,201.93 in attorney's fees. In response, the district court entered an order on June 22, 1987, that concluded as follows:

THEREFORE, it is Ordered and Decreed that an attorney's fee and costs in the amount of $2,171.25 from the past due benefits due the plaintiff herein, is hereby allowed to Anthony W. Bartels, the plaintiff's attorney, pursuant to 42 U.S.C. § 406(b)(1). The defendant is hereby ordered to compute, certify and pay said attorney this sum, in addition to any fees found to be due for representation at the administrative level, or twenty-five percent of the plaintiff's past due benefits, whichever sum is less.

*Davis v. Bowen*, No. J–C–84–136, slip op. at 2–3 (E.D.Ark. June 22, 1987). In July 1987, the Secretary released $1,551.30 to Bartels, which represented twenty-five percent of Davis' past due benefits as calculated by the Secretary. Thirteen months later, this court held in *Gowen v. Bowen*, 855 F.2d 613, 618–19 (8th Cir.1988), that interim benefits must be included as part of past due benefits for the purpose of calculating allowable attorney's fees. On October 31, 1988, two months after *Gowen* was decided, Bartels filed a motion in the district court to hold the Secretary in contempt for failure to comply with the district court's June 1987 order awarding attorney's fees. The motion requested an order requiring payment of (1) the remainder of the court-ordered fee ($619.95); (2) fees for services performed at the administrative level out of the amount remaining from twenty-five percent of past due benefits; and (3) attorney's fees for bringing the contempt motion. The district court denied the motion without comment. This appeal followed.

## II.

■ Our review of the denial of a contempt motion is limited to determining whether the district court abused its discretion. *Barnes v. Bosley*, 828 F.2d 1253, 1259 (8th Cir.1987).

■ The authority to award attorney's fees for services performed at the administrative level is committed by 42 U.S.C. § 406(b)(1) (1982) to the Secretary and may not be exercised by the courts. *Fenix v. Finch*, 436 F.2d 831, 838 (8th Cir.1971); *Gowen*, 855 F.2d at 618 (citing *Fenix*). In its June 1987 order, the district court expressly recognized this limitation on its authority to award attorney's fees and directed Bartels to "petition the Secretary for any fees requested in relation to representation at the administrative level." *Davis*, slip op. at 2. Thus, the Secretary cannot be

---

**1.** The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas.

**2.** 42 U.S.C. § 423 (1982 & Supp. V 1987).

held in contempt for not paying fees for services Bartels provided at the administrative level. The issue, then, comes down to whether the Secretary disobeyed the district court's order by not paying Bartels an additional $619.95 for representation provided at the district court level.

Attorney's fees for representation at the district court level are limited by § 406(b)(1) to twenty-five percent of past due benefits. The district court expressly noted this cap on fees, *Davis*, slip op. at 1, and stated that the Secretary would coordinate any fees granted for services at the administrative level with its award so that the total allowed fee would not exceed twenty-five percent of past due benefits. *Id.* at 2.[3]

■ The linchpin of Bartels' argument is that the Secretary disobeyed the district court's order by not including interim benefits as part of past due benefits. This contention is without merit. The order clearly did not envision, let alone require, the inclusion of interim benefits as part of past due benefits. The law in the Eastern District of Arkansas was set forth by two cases decided in the two weeks prior to the order in the instant case. In both *Pittman v. Bowen*, No. J–C–84–114, slip op. at 2 (E.D.Ark. June 9, 1987), and *Gowen v. Bowen*, No. J–C–83–386, slip op. at 2 (E.D. Ark. June 12, 1987), the district court found that it had "no authority to award attorney's fees from ... interim benefits." We vacated this judgment in the two cases in *Gowen*, 855 F.2d at 619.[4] The concluding paragraph in the district court's order in this case (quoted *supra*) was, but for dollar amounts, exactly the same as the paragraphs setting forth the fee awards in *Pittman*, slip op. at 4, and *Gowen*, slip op. at 4.[5] Moreover, the order did not address the relationship between interim and past due benefits, as *Pittman* and *Gowen* had. It is clear, then, that the district court's order was intended to follow the result in these two cases by not awarding attorney's fees out of interim benefits.[6] Therefore, the district court properly denied Bartels' contempt motion because the Secretary fully complied with the express terms and intent of the order.

Bartels argues that our decision in *Gowen* should be applied retroactively. This argument is entirely inconsistent with Bartels' primary contention that the Secretary disobeyed the district court's order. If the district court had in fact ordered that interim benefits be included as part of past due benefits, then there would be no need to apply *Gowen* retroactively because from the outset the order would have required adherence to the rule announced later in *Gowen*. Bartels does not explain this inconsistency. Nor does he cite any authority for the unstated proposition that a party, despite having fully complied with the terms and intent of a court order, should nevertheless be held in contempt if its conduct would have violated the order if the order had been consistent with a subsequent change in the law by an appellate court decision. Accordingly, there is no reason for us to decide here whether *Gowen* should apply retroactively.

---

3. We note that those circuits which have addressed the issue agree that the aggregate of fees awarded at the judicial and administrative levels may not exceed twenty-five percent of past due benefits. *Guido v. Schweiker*, 775 F.2d 107, 108 (3d Cir.1985); *Morris v. Social Sec. Admin.*, 689 F.2d 495, 497–98 (4th Cir.1982); *Webb v. Richardson*, 472 F.2d 529, 536 (6th Cir.1972); *Dawson v. Finch*, 425 F.2d 1192, 1195 (5th Cir.), *cert. denied*, 400 U.S. 830, 91 S.Ct. 60, 27 L.Ed.2d 60 (1970); *see also Harris v. Secretary of Health & Human Servs.*, 836 F.2d 496, 498 n. 1 (10th Cir.1987) (noting agreement among circuits).

4. The appeals from the district court's orders in *Pittman* and *Gowen* were consolidated for purposes of review. *Gowen*, 855 F.2d at 614 n. 1.

Bartels represented the appellants in both cases. *Id.*

5. Bartels was the attorney who petitioned for and received the fee awards in *Pittman* and *Gowen*.

6. Bartels' involvement in the *Pittman* and *Gowen* cases, *see supra* notes 4 and 5, indicates that he was or should have been fully aware of the district court's intent. In view of this, we find it disturbing that Bartels now contends the Secretary "chose" to disregard "the specific orders" of the district court. Brief for Appellant at 6. Indeed, the contempt motion here approaches the limit of responsible advocacy.

## III.

Finding no abuse of discretion, we affirm the district court's order denying Bartels' motion to hold the Secretary in contempt.