**In re GENERAL MOTORS COR-
PORATION, a Delaware Cor-
poration, Petitioner.**

No. 94–1011.

United States Court of Appeals,
Fourth Circuit.

Aug. 8, 1995.

### ORDER

On September 14, 1994, petitioner, General Motors Corporation (GM) commenced the instant proceedings by moving this court for an order requiring plaintiffs' counsel, Mr. James E. Butler, Jr. (Butler), to show cause why this court should not hold him in civil contempt, or impose other appropriate sanctions, for violating this court's order of March 23, 1994. On October 6, 1994, this court granted GM's motion and held a hearing on October 20, 1994, in order for Butler to show cause why he should not be held in contempt. For reasons that follow, we hold Butler in civil contempt of this court's order of March 23, 1994.

### I

On February 28, 1994, the Honorable G. Ross Anderson entered a fifty-nine page order recusing himself from further participation in *Cameron v. General Motors Corp.*, Nos. 6:93–1278–3, 1279–3, 1280–3, 1994 WL

159408 (D.S.C. Feb. 28, 1994). In recusing himself, Judge Anderson held that a reasonable person could possibly question his "fairness and impartiality," and he accordingly vacated five outstanding discovery orders. Recusal Order at 59. In the order, Judge Anderson also made new findings of fact and conclusions of law on the specific issues addressed in the discovery orders that he found necessary to vacate.

Due to its belief that Judge Anderson's new findings and conclusions would potentially prejudice its case, GM moved this court on March 4, 1994, for an order striking certain portions of the recusal order. On March 23, 1994, we granted GM's motion. In that order, we reasoned that it was improper for Judge Anderson to make new findings of fact and conclusions of law on the issues addressed in the vacated orders. Our March 23, 1994, order, stated in pertinent part:

> As a result, section III of the recusal order, as well as any other statements in the order relating to the possible destruction of documents, perjury by petitioner or petitioner's counsel, or applicability of the crime-fraud exception of the attorney-client and work-product privileges to the facts of this case, are hereby stricken from the order and should not hereafter be cited as authority. We also strike all findings or conclusions regarding the liability or culpability of petitioner's counsel with respect to the pending motion for sanctions under Fed.R.Civ.P. 11.

Order of March 23, 1994, at 2–3. Subsequently, the Honorable Charles H. Haden II was appointed to preside over the *Cameron* litigation.

Following this court's March 23, 1994, order, Butler continued his representation of other clients pursuing products liability actions against GM in other courts, including a state court proceeding in Fulton County,

Georgia, *see Moseley v. General Motors Corp.*, No. 90–V–6276 (Sup.Ct., Fulton County, Ga.). During the course of the *Moseley* litigation, Butler submitted a nine-page letter dated August 30, 1994, to the Honorable Albert L. Thompson, the presiding judge in the *Moseley* case. On page three of the letter in a block quotation, Butler quoted directly from language in Judge Anderson's order that this court had ordered stricken in its order of March 23, 1994. In particular, he quoted the same language that this court had used in its order to exemplify the inappropriate findings included in Judge Anderson's order. In quoting the language, Butler also highlighted certain words that were not emphasized in Judge Anderson's original order. Butler specifically quoted the following passage:

> A review of the thousands of documents in this case including in camera reviews of documents for which an attorney-client privilege was asserted reveals *a substantial likelihood* that perhaps *perjury and the systematic destruction of documents* involving gross misconduct by General Motors' regional counsel occurred. Evidence of the commission of such activity by and with the knowledge of these General Motors' regional counsel would defeat the attorney-client and work product privilege asserted by General Motors. There is clearly evidence having a sufficient foundation in fact to establish a prima facie case that the documents for which an attorney-client privilege is asserted are subject to the crime fraud exception [to the attorney-client privilege].

Letter of Aug. 30, 1994, at 3 (emphasis in letter) (quoting Recusal Order at 48). After quoting this passage, Butler cited Judge Anderson's recusal order. He also attached a complete copy of the order to the letter.[1]

---

1. Butler also discussed Judge Anderson's findings in a brief filed on April 1, 1994, with the United States District Court for the District of Kansas in *Cockrum v. General Motors Corp.*, No. 93–1180–MLB (D. Kan.). In particular, Butler stated that "The Fourth Circuit [in its order of March 23, 1994] *did not* dispute or otherwise disagree with Judge Anderson's findings ... in his recusal order" and that Judge Anderson had found "a substantial likelihood that perhaps per-

jury and the systematic destruction of documents occurred." Plaintiffs' Brief in Opposition to Defendant General Motors Corporation's Motion for Protective Order at 14. In this brief, Butler never stated that Judge Anderson's findings were stricken and were not to be cited as authority; rather, Butler stated that this court in its order did not consider the evidence of perjury or destruction of documents but "simply ruled that

In the paragraph following the quoted language, Butler noted that Judge Anderson had vacated several of his discovery orders in the recusal order and stated that Judge Haden in the *Cameron* case had "reinstated several of Judge Anderson's prior orders." *Id.* at 3. Additionally, in footnote eight on page eight of the letter, Butler again referenced Judge Anderson's findings, stating that "Judge Anderson found many of GM's privilege claims to be baseless, and suggested that Rule 11 sanctions should be investigated based on GM's making of such claims." *Id.* at 8 n. 8. Nowhere in Butler's letter did he state that this court had stricken the portion of Judge Anderson's order he quoted and had ordered that the portion should not be cited as authority. Furthermore, nowhere in the letter did he mention that this court had stricken Judge Anderson's "findings" in relation to the liability of GM's counsel under Fed.R.Civ.P. 11.

Counsel for GM thereafter wrote Judge Thompson on September 2, 1994, and informed him that this court had stricken the language in the recusal order cited by Butler and had ordered that such findings in the order should not be cited as authority. The letter also advised Judge Thompson that Judge Haden had not reinstated the language stricken from Judge Anderson's recusal order. On September 20, 1994, Butler wrote to Judge Thompson apologizing for his "inexcusable and careless blunder" in including in his August 30 letter a "misleading and inaccurate" sentence, which implied that Judge Haden had adopted Judge Anderson's earlier findings that were quoted in his August 30 letter. Butler, however, did not state in the letter that this court had stricken the quoted passage from Judge Anderson's order and had ordered that the passage should not be cited as authority. Finally, on December 8, 1994, Butler sent a letter to Judge Thompson, in which he expressly informed Judge Thompson that this court had stricken the portions he quoted in the August 30 letter. Butler explained that he had not notified Judge Thompson earlier because he believed

Judge Thompson was "fully apprised" that the language had been stricken due to the fact that GM had informed him as such in its letter of September 2, 1994, and the fact that, in a status conference before Judge Thompson on September 8, 1994, neither party had raised the issue of the validity of Judge Anderson's findings.[2]

## II

### A

We may impose sanctions for civil contempt "to coerce obedience to a court order or to compensate the complainant for losses sustained as a result of the contumacy." *Connolly v. J.T. Ventures,* 851 F.2d 930, 932 (7th Cir.1988); *see also United States v. United Mine Workers of America,* 330 U.S. 258, 303–04, 67 S.Ct. 677, 701, 91 L.Ed. 884 (1947). Civil contempt is an appropriate sanction if we can point to an order of this Court which "set[s] forth in specific detail an unequivocal command" which a party has violated. *Ferrell v. Pierce,* 785 F.2d 1372, 1378 (7th Cir.1986) (citation and internal quotation marks omitted); *see also Project B.A.S.I.C. v. Kemp,* 947 F.2d 11, 16 (1st Cir.1991) ("[C]ivil contempt will lie only if the putative contemnor has violated an order that is clear and unambiguous."). The burden is on the complainant to prove civil contempt by clear and convincing evidence. *Id.* Willfulness is not an element of civil contempt. *McComb v. Jacksonville Paper Co.,* 336 U.S. 187, 191, 69 S.Ct. 497, 499, 93 L.Ed. 599 (1949).

We believe GM has satisfied its burden of demonstrating by clear and convincing evidence that Butler violated the specific and unequivocal commands of our order of March 23, 1994. In that order, we stated:

As a result, section III of the recusal order, as well as any other statements in the order relating to the possible destruction of documents, perjury by petitioner or petitioner's counsel, or applicability of the

---

such findings had no place within the confines of a recusal order." *Id.*

**2.** The parties in *Cameron* settled the case in December 1994. *See* Order of Dismissal, *Cameron v. General Motors Corp.,* Nos. 3:93–1278–07, 1279–07, 1280–07 (D.S.C. Dec. 30, 1994).

crime-fraud exception of the attorney-client and work-product privileges to the facts of this case, are hereby stricken from the order and should not hereafter be cited as authority. We also strike all findings or conclusions regarding the liability or culpability of petitioner's counsel with respect to the pending motion for sanctions under Fed.R.Civ.P. 11.

Order of March 23, 1994, at 2–3. Our order was clear and unequivocal. We struck Part III and other portions of Judge Anderson's recusal order as inappropriate, and expressly ordered that the specified portions of the order were not to "be cited as authority." *Id.* Despite this clear command, in his letter to Judge Thompson and brief filed on April 1, 1994, with the United States District Court in the District of Kansas in *Cockrum v. General Motors Corp.,* No. 93–1180–MLB (D. Kan.), Butler cited and quoted directly from language in Judge Anderson's order that this Court had stricken. In our view, the evidence clearly and convincingly establishes that Butler violated our clear and unequivocal order of March 23, 1994.

### B

■ The issue is now one of remedy. The appropriate remedy for civil contempt is within the court's broad discretion. *McComb,* 336 U.S. at 193–94, 69 S.Ct. at 500–501. Remedies include ordering the contemnor to reimburse the complainant for losses sustained and for reasonable attorney's fees. *United States v. Trudell,* 563 F.2d 889, 891 (8th Cir.1977). However, the remedies and sanctions must be remedial and compensatory and, unlike criminal contempt, nonpunitive. *United Mine Workers,* 330 U.S. at 302–04, 67 S.Ct. at 700–701. "Generally, a compensatory sanction 'may not exceed the actual loss to the complainant caused by the

actions of respondent, lest the contempt fine become punitive in nature, which is not appropriate in a civil contempt proceeding.'" *In re Tetracycline Cases,* 927 F.2d 411, 413 (8th Cir.1991) (quoting *NLRB v. Laborers' Int'l Union,* 882 F.2d 949, 955 (5th Cir. 1989)).

■ It is clear to us that GM has suffered a compensable loss. There is no question that GM was injured as a direct result of Butler's citation to Judge Anderson's recusal order in his August 30, 1994, letter to Judge Thompson and his brief filed in *Cockrum.* GM has expended considerable resources to correct or thwart the effects of Butler's blatant misconduct in the Georgia state court and the United States District Court for the District of Kansas. Unquestionably, Butler's letter of August 30, 1994, caused GM to incur a considerable expense to defend actions in other jurisdictions that were premised on findings and conclusions this court had stricken and specifically ordered Butler not to cite. As a result of Butler's contumacious behavior, GM is entitled to be compensated for its expenses germinating from Butler's misconduct in the Georgia state court and the United States District Court for the District of Kansas. Furthermore, GM is entitled to reasonable costs and attorney's fees for the contempt proceeding before this court.[3]

### III

In summary, we find Butler in contempt of our order of March 23, 1994. As a result of Butler's contumacious behavior, GM is entitled to be compensated for its expenses related to correcting the effects of Butler's misconduct in the Georgia state court and the United States District Court for the District

---

**3.** We find no merit to Butler's contention that this court lacks the authority to find him in civil contempt because the *Cameron* case has been settled. The nature of the contempt proceeding before the court is compensatory in nature, and unlike contempt proceedings that are coercive in nature, "the termination of the underlying action out of which the contempt hearing arose does not moot the contempt proceeding." *Petroleos Mexicanos v. Crawford Enterprises, Inc.,* 826 F.2d 392, 400 (5th Cir.1987). This critical distinction between coercive civil contempt proceedings and

compensatory civil contempt proceedings "rests upon the fact that the harm or injury that gives rise to the need for compensation continues unredressed at the end of the underlying litigation while the need for getting a party to act in the underlying litigation necessarily terminates when that litigation ends." *Id.* Without question, the harm suffered by GM—expending considerable resources in other jurisdictions to curb the effect of Butler's blatant misconduct—was unredressed at the time the *Cameron* case was settled, and, therefore, this contempt proceeding is not moot.

## 260

of Kansas. We also award GM reasonable costs and attorney's fees for the contempt proceeding before this court. From the date of this order, GM has twenty days to submit a summary of its expenses related to correcting the effects of Butler's misconduct in the Georgia state court and the United States District Court for the District of Kansas and its costs and attorney's fees for this proceeding. Butler will have ten days to respond.[4] It is so ordered.[5]

---

4. On June 22, 1995, eight months after Butler's show cause hearing, GM moved this court for "additional relief" relating to the contempt proceedings. In response to GM's motion, Butler filed a motion on June 30, 1995, requesting this court to dismiss the pending contempt proceedings. The court denies these motions.

5. If Butler has learned one thing from this proceeding, we hope it is this: the portions of Judge Anderson's recusal order which we struck in our order of March 23, 1994, are not to be cited as authority. We hope Butler will heed this admonition.