**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: JON S. WILSON,
<u>Debtor.</u>

COOK GROUP INCORPORATED; WILSON-
COOK MEDICAL, INCORPORATED; COOK
INCORPORATED; VANCE PRODUCTS

INCORPORATED; SABIN CORPORATION,
<u>Plaintiffs-Appellants,</u>

v.

JON S. WILSON; WILTEK MEDICAL,
INCORPORATED,
<u>Defendants-Appellees.</u>

No. 98-2831

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
N. Carlton Tilley, Jr., Chief District Judge.
(CA-96-657-2, BK-93-50034C-11W, AP-94-6010W)

Argued: September 24, 1999

Decided: October 27, 1999

Before WILKINSON, Chief Judge, and HAMILTON and
WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Aaron J. Kramer, SCHIFF, HARDIN & WAITE, Chi-
cago, Illinois, for Appellants. James Robert Fox, BELL, DAVIS &

PITT, P.A., Winston-Salem, North Carolina, for Appellees. **ON BRIEF:** Linda K. Stevens, Ronald Wilder, SCHIFF, HARDIN & WAITE, Chicago, Illinois; Jeffrey E. Oleynik, Jimmie W. Phillips, Jr., BROOKS, PIERCE, MCLENDON, HUMPHREY & LEONARD, Greensboro, North Carolina, for Appellants. William K. Davis, Alan M. Ruley, BELL, DAVIS & PITT, P.A., Winston-Salem, North Carolina; Charles M. Ivey, III, IVEY, MCCLELLAN, GATTON & TAL-COTT, L.L.P., Greensboro, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellants Cook Companies argue that appellees Jon Wilson and Wiltek Medical should be held in contempt for violating an injunction that prohibited the continued use of Cook's Trade Secrets 3 and 14. The bankruptcy court denied the motion to hold appellees in contempt for violating these secrets and the district court affirmed. Because the bankruptcy court did not abuse its discretion in declining to hold Wilson and Wiltek in contempt, we now affirm the judgment.

I.

This case arises from a longstanding dispute concerning the alleged misappropriation of various trade secrets developed by appellant Cook for the manufacture of medical devices. Jon Wilson is a former president of Wilson-Cook, one of the Cook Companies. Upon resigning from Wilson-Cook, Wilson founded Wiltek Medical. In May 1995, the United States Bankruptcy Court for the Middle District of North Carolina found that appellees Wilson and Wiltek (collectively Wiltek) wilfully and maliciously appropriated trade secrets of Cook. The bankruptcy court entered a permanent injunction prohibiting Wiltek from using, licensing, marketing, or otherwise displaying or

2

disclosing the Cook trade secrets. Several months later, the bankruptcy court granted Cook the right to conduct one surprise inspection of Wiltek's plant.

The surprise inspection occurred on October 1, 1997. As a result of information uncovered during the inspection, Cook claimed that Wiltek was continuing to use five Cook trade secrets, including Trade Secrets 3 and 14. Cook filed a contempt motion with the bankruptcy court asserting that Wiltek was violating the injunction. Cook alleged that Wiltek either violated the trade secrets directly or used processes and techniques that were substantially derived from the trade secrets. In December 1997, the bankruptcy court denied Cook's contempt motion as to Trade Secrets 3 and 14. The district court summarily affirmed. Cook appeals.

II.

A.

The district court sits as an appellate court in bankruptcy. See First Nat'l Bank of Md. v. Stanley (In re Stanley), 66 F.3d 664, 667 (4th Cir. 1995). Therefore, we apply the same standard of review as the district court in reviewing the bankruptcy court's judgment. The denial of a contempt motion can be overturned only for an abuse of discretion. See, e.g., Langton v. Johnston, 928 F.2d 1206, 1220 (1st Cir. 1991); Davis v. Bowen, 894 F.2d 271, 272 (8th Cir. 1989). To obtain a contempt citation, the complaining party must prove a violation of a court order by clear and convincing evidence. See In re General Motors Corp., 61 F.3d 256, 258 (4th Cir. 1995). The bankruptcy judge denied the contempt motion because he found that Cook did not meet this high burden with regard to Trade Secrets 3 and 14. The bankruptcy court's denial of the contempt motion likewise turned on findings of fact. We apply a clearly erroneous standard to these findings. See In re Stanley, 66 F.3d at 667. Here, the same bankruptcy judge defined the scope of the trade secrets and denied Cook's subsequent contempt motion. His interpretation of his own order and injunction must thus be given substantial deference. See Colonial Auto Center v. Tomlin (In re Tomlin), 105 F.3d 933, 941 (4th Cir. 1997) (bankruptcy court involved with earlier proceeding has a "better vantage point" from which to assess the order's meaning (internal

3

quotation marks omitted)). These standards of review coupled with Cook's burden of proof underscore the daunting nature of Cook's appeal.*

B.

We thus proceed to review the rulings of the bankruptcy court. Trade Secret 3 involves a process for making atraumatic wire guides used for a variety of medical purposes. Cook argues that in its 1997 ruling the bankruptcy court mistakenly found that Trade Secret 3 was limited to forming balls on the tips of wires and did not include rounding-off wires. Cook maintains that identical equipment, processes, and techniques are used either to form a ball on the end of wire or to round-off the end of a wire. Yet it was Cook who empha-

_____

*Cook concedes that the deferential standard of review applies to findings of fact, but argues that it does not apply to a lower court's failure to apply the doctrine of equivalents, which should be reviewed de novo. See In re Stanley, 66 F.3d at 667 (application of law is reviewed de novo). Cook contends that application of the doctrine of equivalents might have led to the conclusion that Wiltek's procedures and equipment were substantially derived from or were substantially equivalent to those protected by Cook's trade secrets. Such a finding would prove a violation of the injunction and provide a basis for the contempt motion.

We are unpersuaded. The doctrine of equivalents is primarily a patent law doctrine and its application in the trade secret context has been quite limited. Almost all of the cases that Cook relies on are appeals to determine whether or not something was a trade secret. See, e.g., Vermont Microsystems, Inc. v. Autodesk, Inc., 88 F.3d 142 (2d Cir. 1996); Mangren Research and Dev. Corp. v. National Chem. Co., 87 F.3d 937 (7th Cir. 1996). In this case, however, the bankruptcy court had already determined the scope of the trade secrets. We must decide only whether it abused its discretion in denying Cook's contempt motion. Cook cites to only one circuit court case where the doctrine of equivalents was applied in a trade secret contempt context. See Motorola, Inc. v. Computer Displays Int'l, Inc., 739 F.2d 1149 (7th Cir. 1984). But even Motorola can be distinguished because it involved a consent decree and not an injunction. Nothing in this circuit would suggest that the doctrine of equivalents is invariably applied in a trade secret contempt context, much less that it would somehow trump the governing standards of review.

4

sized in its 1994 proposed findings of fact that Trade Secret 3 involves forming a jointless ball on the end of wire. Wiltek stopped this process after the injunction, but it continued the rounding-off process. Despite Cook's arguments to the contrary, we hold that the bankruptcy court did not err in finding that Trade Secret 3 was limited to forming balls on the tips of wires.

Cook also claims that Wiltek continued to violate Trade Secret 14 by using the same process to form catheters with only one minor modification -- substituting the heating liquid Cook used with a similar substance. Again, it was Cook who in its proposed findings claimed that Trade Secret 14 depended on the particular qualities of a specific liquid. The heated liquid Wiltek uses has similar properties, but an entirely different chemical composition from Cook's liquid. The bankruptcy court found that Wiltek's process was independently developed and was not substantially derived from Trade Secret 14. The bankruptcy court's finding that Trade Secret 14 was limited to a particular type of heating liquid was not clearly erroneous. Under Cook's interpretation, Trade Secret 14 could prevent Wiltek from using any substance that is more effective than water for forming catheters. This position has no logical stopping point. The protection of trade secrets serves important goals, but the extension of a trade secret to cover any conceivable modification would stifle innovation and competition.

Contempt is a weighty penalty and should not be casually imposed. In this case, Wiltek officers testified that they did not think rounding-off was a violation of Trade Secret 3 because of the injunction's emphasis on forming balls on the ends of wires. Fairness dictates giving a party clear notice of what it is violating before holding that party in contempt. See In re General Motors, 61 F.3d at 258 (civil contempt is an appropriate sanction only where a party has violated an order that sets forth "in specific detail an unequivocal command" (internal quotation marks omitted)); Project B.A.S.I.C. v. Kemp, 947 F.2d 11, 16 (1st Cir. 1991) ("[C]ivil contempt will lie only if the putative contemnor has violated an order that is clear and unambiguous.").

III.

In this case the trade secrets at issue were defined and later interpreted by the same bankruptcy judge. Because his interpretation of

5

the scope of his earlier injunction warrants deference and because his findings reveal no clear error, there was no abuse of discretion in denying Cook's contempt motion. For the foregoing reasons, the judgment of the district court is

AFFIRMED.

6