## In re TOYOTA MOTOR CORP. UNINTENDED ACCELERATION MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION.

**Shirlene Van Alfen, et al.**

v.

**Toyota Motor Sales, U.S.A., Inc., et al.**

Nos. CV11–08120 JVS (FMOx), 8:10ML02151 JVS (FMOx).

United States District Court, C.D. California, Southern Division, Santa Ana.

Jan. 17, 2013.

I'I'Vincent Galvin, Mark V. Berry, Neil M. Kliebenstein, Anne O. Hanna, Ryan A.

McCarthy, Bowman and Brooke LLP, San Jose, CA, for Defendants Toyota Motor Sales, U.S.A., Inc., Toyota Motor North America, Inc., Toyota Motor Engineering & Manufacturing North America, Inc. and Toyota Motor Corporation.

Mark P. Robinson, Jr., Robinson Calcagnie Robinson Shapiro Davis, Inc., Newport Beach, CA, Robert A. Krause, Elizabeth A. Richards, The Spence Law Firm, Jackson, WY, for Plaintiffs.

## ORDER RE STIPULATION TO VACATE THE COURT'S JUNE 11, 2012 ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR TERMINATING SANCTIONS

JAMES V. SELNA, Judge.

1.  That the June 11, 2012 Order Granting in Part and Denying in Part Plaintiffs' Motion for Terminating Sanctions ("June 11, 2012 Order") is vacated and that it may not be cited for any purpose.[1]

2.  That plaintiffs will not seek any special instruction or any other form of sanction provided for or described in the June 11, 2012 Order.

3.  That there will be no reference, either direct or indirect, to the Court's order by any party, counsel or witness in this proceeding or any other proceeding, and the parties agree there will be no mention of the June 11, 2012 Order to any participant in the November 19, 2010 inspection at any time in any setting, be it trial, deposition or otherwise.

4.  That the vacated June 11, 2012 Order may not be cited for any purpose, and the Court directs that the opinion be withdrawn from formal publication.

5.  Nothing in this stipulation shall preclude the parties herein or any other or third parties from presenting or offering as evidence at trial or in any other proceedings the

---

1.  *See In re General Motors Corp.,* 61 F.3d 256, 258–59 (4th Cir.1995).

facts and circumstances of the November 19, 2010 vehicle inspection.

IT IS SO ORDERED.