**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 14-1014**

─────────────

FEDERAL NATIONAL MORTGAGE ASSOCIATION,

              Plaintiff - Appellee,

       v.

JONATHON P. BELL,

              Defendant - Appellant,

       and

CG BELLKOR, LLC,

              Defendant,

KYLE A. STEPHENSON,

              Receiver.

─────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.   David Novak, Magistrate Judge.  (3:13-cv-00039-DJN-MHL)

─────────────

Submitted:  May 30, 2014          Decided:  June 23, 2014

─────────────

Before KEENAN and DIAZ, Circuit Judges, and DAVIS, Senior Circuit Judge.

─────────────

Affirmed in part, dismissed in part, vacated in part, and remanded by unpublished per curiam opinion.

─────────────

Jonathon P. Bell, Appellant Pro Se. John David Folds, BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC, Washington, DC, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jonathon Bell appeals the district court's[*] orders granting Federal National Mortgage Association's motion for summary judgment, finding Bell personally liable for $17,959.67 for civil contempt, and issuing a show cause order as to whether Bell should be held in criminal contempt. We affirm in part, dismiss in part, vacate in part, and remand for a recalculation of damages as to Bell.

This Court "review[s] the ultimate decision as to whether the contempt was proper for abuse of discretion, the underlying legal questions de novo, and any factual findings for clear error." In re Under Seal, __ F.3d __, 2014 WL 1465749, at *6 (4th Cir. 2014) (citations omitted). To establish civil contempt, a movant must demonstrate by clear and convincing evidence:

> (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) that the decree was in the movant's favor; (3) that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive knowledge) of such violations; and (4) that the movant suffered harm as a result.

Ashcraft v. Conoco, Inc., 218 F.3d 288, 301 (4th Cir. 2000) (citation and alterations omitted). Civil contempt is an

---

[*] The parties consented to the jurisdiction of a federal magistrate judge pursuant to 28 U.S.C. § 636(c).

appropriate sanction only if the court has issued an order "which sets forth in specific detail an unequivocal command which a party has violated." In re Gen. Motors Corp., 61 F.3d 256, 258 (4th Cir. 1995) (internal quotation marks omitted).

Our review of the record leads us to conclude that Bell's transfer of $11,515.21 in funds prior to the district court's entry of its injunction was not in violation of an order of the court. Accordingly, we vacate the portion of the court's August 27 and December 11, 2013 orders related to Bell's damages. We remand the matter to permit the district court to recalculate Bell's liability for damages.

Bell's remaining arguments on appeal are without merit. We affirm the district court's order granting summary judgment for the reasons stated by the district court. Fed. Nat'l Mortg. Ass'n v. Bell, No. 3:13-cv-00039-DJN-MHL (E.D. Va. Oct. 29, 2013). In light of Bell's guilty plea, we dismiss as moot Bell's challenge to the district court's order to show cause why he should not be held in criminal contempt. We grant Bell's motion to proceed in forma pauperis and deny Federal National Mortgage Association's motion to strike Bell's reply brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

4

before this Court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART;
VACATED IN PART AND REMANDED