**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-1527**

———————

REDNER'S MARKETS, INC.,

        Plaintiff - Appellee,

    v.

JOPPATOWNE G.P. LIMITED PARTNERSHIP,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   Richard D. Bennett, District Judge.
(1:11-cv-01864-RDB)

———————

Submitted:  March 26, 2015         Decided:  April 2, 2015

———————

Before WILKINSON and KING, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Charles M. Kerr, Kathleen M. McDonald, KERR MCDONALD, LLP,
Baltimore, Maryland, for Appellant.   John J. Miravich, FOX
ROTHSCHILD LLP, Exton, Pennsylvania, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joppatowne G.P. Limited Partnership (Joppatowne) appeals the district court's order holding Joppatowne in contempt of the district court's prior order granting a permanent injunction in favor of Redner's Markets, Inc. (Redner's), denying Joppatowne's motions to strike and to dismiss the contempt motion, and awarding attorney's fees and costs to Redner's as a sanction for Joppatowne's violation. On appeal, Joppatowne contends that the district court erred or abused its discretion in not dismissing the contempt motion for lack of subject matter jurisdiction; in finding that it violated the injunction order; not holding a trial or evidentiary hearing; not dismissing the contempt motion on pleading grounds; and in considering and not striking certain evidentiary proffers submitted by Redner's. We affirm.

"There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt." Shillitani v. United States, 384 U.S. 364, 370 (1966). "Moreover, the court that enters an injunctive order retains jurisdiction to enforce its order." Alderwoods Group, Inc. v. Garcia, 682 F.3d 958, 970 (11th Cir. 2012) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 50 (1991)).

"A court may impose sanctions for civil contempt 'to coerce obedience to a court order or to compensate the complainant for losses sustained as a result of the contumacy.'" Cromer v.

2

Kraft Foods N. Am., Inc., 390 F.3d 812, 821 (4th Cir. 2004) (quoting In re Gen. Motors Corp., 61 F.3d 256, 258 (4th Cir. 1995)). "Civil contempt is an appropriate sanction if [the court] can point to an order of [the court] which set[s] forth in specific detail an unequivocal command which a party has violated." Gen. Motors. Corp., 61 F.3d at 258 (citations and internal quotation marks omitted). The appropriate remedy for civil contempt is within the court's broad discretion, and we have recognized that attorney's fees may be appropriate compensation. Cromer, 390 F.3d at 822; see Gen. Motors Corp., 61 F.3d at 259.

To establish civil contempt, a movant must show by clear and convincing evidence: (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) the decree was in the movant's favor; (3) the alleged contemnor by its conduct violated the terms of the decree and had knowledge (at least constructive) of such violation; and (4) the movant suffered harm as a result. JTH Tax, Inc. v. H&R Block E. Tax Servs., Inc., 359 F.3d 699, 705 (4th Cir. 2004) (citations and quotation marks omitted). Willfulness is not an element of civil contempt. United States v. Westbrooks, __ F.3d __, 2015 WL 1089006, *4 n.3 (4th Cir. Mar. 13, 2015); Gen. Motors Corp., 61 F.3d at 258. Moreover, a court is not necessarily required to hold an evidentiary hearing

3

before granting a civil contempt motion.  See In re Gen. Motors Corp., 110 F.3d 1103, 1015 (4th Cir. 1997).

We review a district court's decision on a civil contempt motion for abuse of discretion, the underlying legal questions de novo, and any factual findings for clear error.  In re Under Seal, 749 F.3d 276, 285 (4th Cir. 2014) (citations omitted). "When a district court's decision is based on an interpretation of its own order, our review is even more deferential because district courts are in the best position to interpret their own orders."  JTH Tax, Inc., 359 F.3d at 705; see also In re Grand Jury Subpoena (T-112), 597 F.3d 189, 195 (4th Cir. 2010).

With these principles in mind, we have reviewed the record and the parties' briefs, and we conclude that the district court did not err or abuse its discretion in granting the contempt motion and denying Joppatowne's motions to strike and dismiss.

Accordingly, we affirm the district court's order. Redner's has moved for attorney's fees and costs on appeal, and Joppatowne opposes the motion.  To the extent that the motion is based on Fed. R. App. P. 38, we deny the motion.  To the extent that Redner's seeks additional compensation as a remedy for Joppatowne's violation of the district court's injunctive order, we deny the motion without prejudice to any right Redner's may have to seek such compensation in the district court.  We express no view on the propriety or merit of any such motion.

4

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED