911 F.2d 42
 30 Soc.Sec.Rep.Ser. 687, Unempl.Ins.Rep. CCH 15609A
Louie V. PITTMAN, Appellee,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services, Appellant.
Wayne E. ZIEGENHORN, Appellee,
v.
DEPARTMENT OF HEALTH AND HUMAN SERVICES, Appellant.
 Nos. 89-2180EA, 89-2552EA.
 United States Court of Appeals,
Eighth Circuit.
 Submitted April 12, 1990.
Decided Aug. 1, 1990.
Rehearing and Rehearing En Banc
Denied Sept. 19, 1990.
 
 John S. Koppel, Washington, D.C., for appellants.
 Anthony W. Bartels, Jonesboro, Ark., for appellees.
 Before MAGILL, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and BEAM, Circuit Judge.
 MAGILL, Circuit Judge.
 
 
 1
 In these consolidated appeals, the Secretary of Health and Human Services seeks reversal of the district court's orders requiring him to make additional attorney's fee payments to Anthony Bartels, the attorney who represented claimants Wayne Ziegenhorn and Louie Pittman in administrative and judicial proceedings concerning the termination of their disability insurance benefits. When their cases were remanded for further administrative proceedings following enactment of the Social Security Disability Benefits Reform Act of 1984, both Ziegenhorn and Pittman elected to receive interim benefits under 42 U.S.C. Sec. 423(g), which permits claimants to continue receiving disability benefit payments pending administrative review of the termination decision. The Secretary ultimately reinstated both claimants' disability benefits. Bartels then petitioned the district court for attorney's fee awards in the two cases. Under 42 U.S.C. Sec. 406(b)(1), such awards are paid out of and may not exceed twenty-five percent of past-due benefits. In both cases, the Secretary did not include interim benefits as part of past-due benefits in calculating the amount to be withheld for payment of authorized attorney's fees.
 
 
 2
 This court subsequently held in Gowen v. Bowen, 855 F.2d 613, 618-19 (8th Cir.1988), that interim benefits must be included as part of past-due benefits in determining allowable attorney's fees under Sec. 406. After the Gowen decision, Bartels filed motions in the district court to hold the Secretary in contempt for failing to pay the balances remaining on the court's fee awards for his representation of Ziegenhorn and Pittman, and the fees authorized by the Secretary in the two cases. The district court denied the contempt motions, but in each case it went on to order the Secretary to make additional fee payments to Bartels out of general social security funds. We reverse the district court's order in the Ziegenhorn case, and affirm in part the court's order in the Pittman case.
 
 I.
 
 3
 The Secretary reinstated Ziegenhorn's disability benefits in October 1986. Excluding interim benefits, Ziegenhorn's past-due benefits totaled $3,958.70. The Secretary withheld twenty-five percent of this amount, $989.67, for payment of authorized attorney's fees. In an April 1987 order, the district court awarded Bartels a fee of $1,015 or twenty-five percent of Ziegenhorn's past-due benefits, whichever was less, for his representation of Ziegenhorn at the district court level. Bartels did not appeal this order. In July 1987, the Secretary authorized Bartels to charge $1,618.17 in attorney's fees for his services at the administrative level. Shortly thereafter, the Secretary released to Bartels the $989.67 withheld from Ziegenhorn's past-due benefits. The Secretary advised Bartels that he would have to look to Ziegenhorn for the remainder of his fees.
 
 
 4
 In December 1988, almost four months after Gowen was decided, Bartels filed a motion in the district court to hold the Secretary in contempt for failure to comply with the court's April 1987 order awarding fees. Bartels claimed that the Secretary had disobeyed the order by not including interim benefits as part of past-due benefits. The motion also stated that Ziegenhorn had refused to pay the balance of the fees owed. Because its April 1987 order did not require the Secretary to include interim benefits as part of past-due benefits, the court denied the contempt motion. However, the court went on to find that Gowen applies retroactively. On that basis, the court ordered the Secretary to pay Bartels the administrative fee authorized by the Secretary plus the balance remaining on the court-ordered fee ($25.33), or twenty-five percent of Ziegenhorn's past-due benefits as defined by Gowen, whichever amount was less. The court stated that it was up to the Secretary to decide whether to seek recoupment from Ziegenhorn.
 
 
 5
 Pittman's disability benefits were reinstated in October 1986. In a June 1987 order, the district court awarded Bartels a fee of $1,782.16 or twenty-five percent of Pittman's past-due benefits, whichever was less, for representing Pittman at the district court level. The order expressly held that past-due benefits do not include interim benefits. In July 1987, the Secretary released $1,046.82 to Bartels. This amount represented twenty-five percent of Pittman's past-due benefits, not including interim benefits. Bartels then appealed the court's June 1987 order to this court. In Gowen, 855 F.2d at 614, 619, we vacated the order insofar as it denied attorney's fees from interim benefits, and remanded. Thereafter, in February 1989, the Secretary authorized Bartels to charge a fee of $1,254.16 for representing Pittman at the administrative level. The Secretary advised Bartels that he would have to look to Pittman for payment because no benefits had been withheld beyond the $1,046.82 previously released to Bartels.
 
 
 6
 Bartels responded by filing a motion in the district court to hold the Secretary in contempt. The motion stated that Pittman was unable and unwilling to pay the balance of the fees he owed. The court denied the contempt motion, but ordered the Secretary to pay Bartels the balance owing on the court-ordered fee ($735.34), as well as the administrative fee authorized by the Secretary. The court further directed the Secretary to pursue recoupment of these amounts from Pittman's future disability benefits.
 
 II. ZIEGENHORN
 
 7
 The district court did not abuse its discretion in denying Bartels' motion to hold the Secretary in contempt for failure to comply with the court's April 1987 order awarding attorney's fees. It is clear that "the Secretary fully complied with the express terms and intent of the order." Davis v. Bowen, 894 F.2d 271, 273 (8th Cir.1989) (per curiam), cert. denied, --- U.S. ----, 110 S.Ct. 1922, 109 L.Ed.2d 286 (1990).
 
 
 8
 The district court erred, however, when it went on to grant Bartels the relief he sought on the ground that Gowen applies retroactively. Bartels' effort to obtain retroactive application of Gowen through a contempt proceeding constituted an impermissible collateral attack on the court's April 1987 order, which had long since become final and unappealable. It is well settled that " 'a contempt proceeding does not open to reconsideration the legal or factual basis of the order alleged to have been disobeyed.' " United States v. Rylander, 460 U.S. 752, 756, 103 S.Ct. 1548, 1552, 75 L.Ed.2d 521 (1983) (quoting Maggio v. Zeitz, 333 U.S. 56, 69, 68 S.Ct. 401, 408, 92 L.Ed. 476 (1948)). This rule is based on the doctrine of res judicata. See United States ex rel. Shell Oil Co. v. Barco Corp., 430 F.2d 998, 1001 (8th Cir.1970); Daly v. United States, 393 F.2d 873, 876 (8th Cir.1968). As the Third Circuit has observed, "any other rule would set to nought the time limits for seeking appellate review set forth in Fed.R.App.P. 4(a)." United States v. Millstone Enters., Inc., 864 F.2d 21, 23 (3d Cir.1988). We believe that the res judicata rationale for the rule prohibiting a collateral attack on the underlying court order in a contempt proceeding applies with even greater force in the unusual situation where the movant is the party making the attack.
 
 
 9
 This result is consistent with our decisions in Davis and Russell v. Sullivan, 887 F.2d 170 (8th Cir.1989) (per curiam), cert. denied, --- U.S. ----, 110 S.Ct. 1473, 108 L.Ed.2d 611 (1990). In both of these cases, the district court denied similar contempt motions by Bartels without going on to order relief based upon retroactive application of Gowen. In affirming the denials, we refused to address Bartels' argument that Gowen should be applied retroactively. Russell, 887 F.2d at 172 (declining to address argument on ground that only issue before the panel was Bartels' contempt motion); Davis, 894 F.2d at 273 (emphasizing that argument was inherently inconsistent with Bartels' contempt motion alleging the Secretary had disobeyed the underlying order awarding fees).
 
 III. PITTMAN
 
 10
 The district court properly declined to hold the Secretary in contempt in the Pittman case. Bartels does not contend otherwise. Because the matter was on remand from this court, see Gowen, 855 F.2d at 614, the Secretary concedes that Bartels' request for relief did not constitute a collateral attack. The question is to what extent the remedy ordered by the court was permissible.
 
 
 11
 The matter of attorney's fees for services performed at the administrative level is committed by Sec. 406(b)(1) to the responsibility of the Secretary exclusively, and such fees may not be awarded by the courts. Id. at 618 (citing Fenix v. Finch, 436 F.2d 831, 838 (8th Cir.1971)). Furthermore, fee awards made by the Secretary are not subject to judicial review. Copaken v. Secretary of Health, Educ. & Welfare, 590 F.2d 729, 731 (8th Cir.1979) (per curiam). Because "the Secretary's fee awards are not judicially reviewable, the district court likewise has no authority to force the Secretary to comply with an award the court did not issue." Russell, 887 F.2d at 171. Therefore, the district court had no authority to order the Secretary to pay Bartels the authorized administrative fee, or to direct the Secretary to recoup that amount from Pittman and pay it over to Bartels.[1]
 
 
 12
 We must also conclude that the court had no authority to order the Secretary to pay Bartels the balance remaining on its fee award out of general social security funds. "The United States is not liable for such a payment absent a specific waiver of sovereign immunity." Id. at 172 (citing Ruckelshaus v. Sierra Club, 463 U.S. 680, 685, 103 S.Ct. 3274, 3277, 77 L.Ed.2d 938 (1983)). Section 406 "cannot be construed as a waiver of immunity" because it "contemplates payment of the fee award by the claimant, out of past-due benefits, rather than by the government, out of general funds." Id. (emphasis in original).[2] Although it was not addressed by the parties, we are aware that the Social Security Administration's Programs Operating Manual System provides that if past-due benefits are mistakenly released to the claimant rather than his attorney, and the attorney is unable to collect the fee that was to be paid out of those benefits, then the Administration will pay the fee directly to the attorney and attempt to recoup that amount from the claimant. We are constrained, however, by the principle that "administrative regulations cannot waive the federal government's sovereign immunity." Mitzelfelt v. Department of Air Force, 903 F.2d 1293, 1296 (10th Cir.1990) (citing United States v. Mitchell, 463 U.S. 206, 215-16, 103 S.Ct. 2961, 2967, 77 L.Ed.2d 580 (1983)); see also United States v. N.Y. Rayon Importing Co., 329 U.S. 654, 660, 67 S.Ct. 601, 604, 91 L.Ed. 577 (1947) (agency officials "possess no power through their actions to waive an immunity of the United States").
 
 
 13
 We agree with the district court's determination that under our decision in Gowen, the Secretary erroneously paid Pittman benefits that should have been withheld for payment of attorney's fees to Bartels. This resulted in an overpayment to Pittman. 42 U.S.C. Sec. 404(a)(1)(A) states that the Secretary "shall" recoup overpayments made to a claimant. This language "mandates" recoupment of overpayments. Sullivan v. Everhart, --- U.S. ----, 110 S.Ct. 960, 965, 108 L.Ed.2d 72 (1990). The Secretary's regulations specifically provide that Sec. 404's provisions for recoupment "apply in cases where through error ... [a] payment of past due benefits is made to an individual and such payment had not been reduced by the amount of attorney's fees payable directly to an attorney under [Sec. 406]." 20 C.F.R. Sec. 404.501(a)(8). Accordingly, we find that the district court did not err in directing the Secretary to pursue recoupment of the balance remaining on its fee award.
 
 
 14
 Section 404(b) provides that the Secretary must waive recoupment if (1) the claimant is without fault, and (2) recoupment would either defeat the purpose of the Social Security Act or be against equity and good conscience. See also 20 C.F.R. Sec. 404.506. Benefit recipients are entitled to a prerecoupment oral hearing if they request waiver under Sec. 404(b). Califano v. Yamasaki, 442 U.S. 682, 695-97, 99 S.Ct. 2545, 2554-55, 61 L.Ed.2d 176 (1979). We recognize the very real possibility that the Secretary will be required to waive recoupment in this case. The parties in no way suggest that Pittman was at fault for the overpayment, and we have previously indicated that the phrase "against equity and good conscience" is not to be narrowly construed. See Groseclose v. Bowen, 809 F.2d 502, 505-06 (8th Cir.1987); see also 20 C.F.R. Sec. 404.508(a) (recoupment defeats the purpose of the Act if it would "deprive a person of income required for ordinary and necessary living expenses").[3] As this case illustrates, recoupment is an uncertain, drawn-out, and cumbersome method of collecting unpaid attorney's fees. However, the need to resort to this procedure should arise less often in the future given our conclusion that Gowen requires the Secretary to withhold twenty-five percent of interim benefits for payment of possible fee awards. In addition, if the claimant agrees, an attorney can guard against erroneous disbursements of past-due benefits by setting up an escrow account for payment of possible attorney's fees. See Condon v. Bowen, 853 F.2d 66, 72-73 (2d Cir.1988). The Secretary has expressly authorized the use of such accounts. Social Security Ruling 82-39.
 
 
 15
 The Secretary does not dispute that he is obligated to seek recoupment in cases of overpayment. Rather, he argues that there was no overpayment in the Pittman case because Gowen's holding that past-due benefits include interim benefits applies only to the calculation of allowable attorney's fees under Sec. 406, not to the payment of those fees. The Secretary emphasizes his contention that the withholding of twenty-five percent of interim benefits for payment of possible fee awards would result in hardship to claimants.[4] We agree with the Second Circuit that
 
 
 16
 claimants would actually suffer much greater hardship if they were not able to secure competent counsel to represent them in their appeals because of the extremely low fees to which their attorneys would be consigned under the Secretary's position, rather than if they received seventy-five percent of the benefits during the appeal process instead of one hundred percent.
 
 
 17
 Condon v. Bowen, 853 F.2d at 71 (going on to hold that interim benefits are part of past-due benefits within the meaning of Sec. 406). Restricting Gowen to the confines urged by the Secretary would render our decision in that case all but meaningless because in most cases the attorney's only realistic source of payment for a fee award is withheld benefits. Not including interim benefits in this source would create a disincentive for attorneys to represent claimants who elect to receive interim benefits, which in turn would lead claimants "to forego the relief intended by Congress to retain competent legal representation." Gowen, 855 F.2d at 619.[5] Our decision in Gowen was based on the purpose of Sec. 406, which is to " 'promote the adequate representation of potentially disabled individuals through a reasonable attorney's fee while at the same time preventing too great a reduction in a claimant's already inadequate stipend in the event he is declared disabled.' " Id. (quoting Santos Rivera v. Secretary of Health & Human Servs., 674 F.Supp. 963, 965 (D.P.R.1987)). We decline to undermine this purpose and subvert the effect of Gowen by limiting to fee calculation its holding that interim benefits are past-due benefits under Sec. 406.
 
 IV.
 
 18
 For the reasons stated above, the district court's order in the Ziegenhorn case is reversed. We affirm the court's order in the Pittman case only insofar as it directs the Secretary to pursue recoupment of the balance remaining on its fee award. Unless waiver of recoupment is required, the Secretary must attempt to recoup this amount to the extent the award does not exceed twenty-five percent of Pittman's past-due benefits as defined by Gowen. The funds recouped must be paid over to Bartels.
 
 
 
 [1]
 In deciding this and the following issue, we do not consider whether a different result might be required if Bartels had raised a constitutional claim
 
 
 [2]
 Two district court decisions have ordered the Secretary to make additional fee payments to an attorney because the Secretary failed to withhold benefits that should have gone to the attorney as payment for fees. Kovar v. Heckler, 622 F.Supp. 967, 972 (N.D.Ohio 1985); Motley v. Heckler, 605 F.Supp. 88, 93-94 (W.D.Va.1985), rev'd on other grounds, 800 F.2d 1253 (4th Cir.1986); see also Clay v. Secretary of Health & Human Servs., 823 F.2d 679, 684 (1st Cir.1987) (agreeing with district court's determination that "the Secretary can either recoup such funds from the state [to which they were paid as reimbursement] or bear the burden of recovering the attorneys' fees from the claimant for payment to counsel"). The courts in Kovar and Motley did not discuss whether the federal government's sovereign immunity would be violated if the Secretary effectively ended up paying the additional fees out of general funds because he was unable to recoup the overpayment from the claimant's future benefits
 
 
 [3]
 Bartels himself may not attempt to intercept Pittman's future disability benefits because they are not "subject to execution, levy, attachment, garnishment, or other legal process." 42 U.S.C. Sec. 407(a)
 
 
 [4]
 The Secretary also argues that there is no statutory basis for such withholding because the language of Sec. 406 permits the withholding of past-due benefits only if the Secretary has made a determination favorable to the claimant or a district court has entered judgment for the claimant. By definition, interim benefits are paid prior to any such determination or judgment. See Sec. 423(g)(1). We view the Secretary's interpretation of Sec. 406 as overly mechanical, and no different in substance than the one rejected in Gowen, 855 F.2d at 619. See also Shoemaker v. Bowen, 853 F.2d 858, 861 (11th Cir.1988) (rejecting Secretary's argument that "because interim benefits are paid prior to the reinstatement of benefits they are not 'past-due benefits,' " and holding that interim benefits are past-due benefits under Sec. 406). Although the Secretary's interpretation of the statute is entitled to considerable deference, we need not accept it where, as here, it is unreasonably narrow and frustrates the statute's purpose. See Groseclose, 809 F.2d at 505-06
 
 
 [5]
 Indeed, attorneys could be placed in the conflict-ridden position of advising clients not to apply for sorely needed interim benefits. See Condon, 853 F.2d at 71