14-4141-cv, 14-4457-cv
Binder & Binder v. Colvin

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

August Term, 2015

(Argued: December 9, 2015          Decided: March 21, 2016)

Docket Nos. 14-4141-cv, 14-4457-cv

BINDER & BINDER, P.C.,

*Plaintiff-Appellant*,

– v. –

CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,

*Defendant-Appellee*.

Before: CALABRESI, POOLER, and LYNCH, *Circuit Judges*.

Appeals from judgments of the United States District Court for the Eastern District of New York (Bianco, *J.* and Hurley, *J.*), respectively, *Binder & Binder, P.C. v. Colvin*, 55 F. Supp. 3d 439 (E.D.N.Y. 2014) and *Binder & Binder, P.C. v. Colvin*, No. 13 CV 432 DRH, 2014 WL 6632713 (E.D.N.Y. Nov. 21, 2014), granting summary judgment for the government on the basis that sovereign immunity barred Plaintiff's lawsuit seeking money damages from the Social Security Administration.

Binder & Binder successfully represented two different claimants in Social Security cases, and sought fees that were not disbursed to it. It filed the instant appeal to challenge the conclusion of two district courts that sovereign immunity precludes its lawsuit. Binder & Binder argues, primarily, that the statutory language of the Social Security Act's fee provision waives such immunity. We hold that 42 U.S.C. § 406(a) does not waive the sovereign immunity of the Social Security Administration and, therefore, **AFFIRM** the district courts.

---

Jeffrey L. Herzberg, Zinker & Herzberg LLP, Smithtown, NY, *for Plaintiff-Appellant.*

Vincent Lapari (Varuni Nelson and Arthur Swerdloff, *on the brief*), Assistant United States Attorneys, *for* Robert L. Capers, United States Attorney for the Eastern District of New York, New York, NY, *for Defendant-Appellee.*

---

CALABRESI, *Circuit Judge*:

The Social Security Act provides for successful representatives to be compensated for their services through deductions from payments that their clients are entitled to receive. The instant cases both concern the Social Security Administration's alleged failure to disburse attorney's fees pursuant to this fee provision, 42 U.S.C. § 406(a).

Plaintiff-Appellant Binder & Binder ("Binder"), a law firm that represents claimants before the Social Security Administration ("SSA"), appeals from summary judgment in two related cases. In both cases, Binder seeks past attorney's fees pertaining to its successful representation of claimants who later declared bankruptcy and had their debts, including those to Binder, discharged by the bankruptcy courts. When Binder sought to hold the SSA liable for the fees, the district courts below granted summary judgment to the SSA on the basis of sovereign immunity. *Binder & Binder, P.C. v. Colvin*, 55 F. Supp. 3d 439, 446 (E.D.N.Y. 2014); *Binder & Binder, P.C. v. Colvin*, No. 13 CV 432 DRH, 2014 WL 6632713, at *6 (E.D.N.Y. Nov. 21, 2014). Both courts followed two circuit courts of appeals that have explicitly held that 42 U.S.C. § 406(a) does not constitute a waiver of the SSA's sovereign immunity, which, if not waived, precludes such lawsuits. *In re Handel,* 570 F.3d 140, 145 (3d Cir. 2009); *Pittman v. Sullivan,* 911 F.2d 42, 46 (8th Cir. 1990). The decisions below conflict with an earlier decision, also from the Eastern District of New York, which found, instead, that 42 U.S.C. § 406(a) of the Social Security Act *does* waive sovereign immunity. *Binder & Binder, P.C. v. Astrue*, 848 F. Supp. 2d 230, 240-45 (E.D.N.Y. 2012).[1] Our court has not previously addressed this issue.

We now affirm the conclusion of the two district courts in the instant cases and hold that, regardless of the SSA's statutory duties to withhold attorney's fees from

---

[1] In that case, an appeal by the government was withdrawn.

3

payments to successful claimants, there is no waiver of sovereign immunity in 42 U.S.C. § 406(a) that would permit Binder's lawsuits for money damages.

**BACKGROUND**

**Statutory Scheme**

To improve access to civil counsel, the Social Security Act grants, and regulates, attorney's fees to representatives of successful claimants.  The relevant fee provision, 42 U.S.C. § 406, parallels other statutory schemes regulating the fees of lawyers.  *See* Judith Resnik, *Money Matters: Judicial Market Interventions Creating Subsidies and Awarding Fees and Costs in Individual and Aggregate Litigation,* 148 U. PA. L. REV. 2119, 2143 (2000).

The instant appeals arise from two cases involving the SSA's alleged failure to disburse statutorily approved attorney's fees to Binder.  In both cases, Binder successfully represented claimants before the SSA who were found to be eligible for past-due benefits.  It was, therefore, entitled to receive compensation pursuant to 42 U.S.C. § 406(a), which states:

> [W]henever the Commissioner of Social Security . . . makes a determination favorable to the claimant, the Commissioner shall, if the claimant was represented by an attorney in connection with such claim, fix . . . a reasonable fee to compensate such attorney for the services performed by him in connection with such claim.

42 U.S.C. § 406(a)(1).

Moreover, when a claimant is found to be entitled to past-due benefits, and a fee agreement with the claimant's representative satisfies certain statutory criteria—as

4

occurred in the instant cases—"the Commissioner of Social Security shall approve that agreement at the time of the favorable determination," 42 U.S.C. § 406(a)(2)(A)(iii), and "shall . . . certify . . . payment out of such past-due benefits . . . to such attorney," 42 U.S.C. § 406(a)(4).

**Facts**

*Binder & Binder's Representation of Jay Scott Lerner*

Binder successfully assisted Jay Scott Lerner in obtaining disability insurance benefits from the SSA.[2] Lerner applied to the SSA for disability in May 2012, and in June of 2012, retained Binder to represent him and executed a fee agreement. Shortly thereafter, Lerner's application for disability was approved. He then got a lump sum representing past-due benefits, and started receiving prospective monthly payments. Despite the statutory language, no deduction was made and nothing was given to Binder.

In October of 2013, Lerner filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. And, in January of 2014, the bankruptcy court ordered a discharge of Lerner's debts—including his debt to Binder for representation fees. After the discharge and after the SSA had (incorrectly it would seem) initially informed Binder that it was not entitled to collect a fee for its representation of Lerner, the SSA

---

[2] These facts are taken from the district court decisions below, which, on motions for summary judgment, cite to the Rule 56.1 statements. For simplicity, we cite to the decisions themselves, and, where necessary, the submitted appendices.

5

approved the fee agreement. Because the lump sum of past-due benefits had already been disbursed to Lerner, the SSA notified Lerner in April of 2014 that it had "*inadvertently* released" to him all past-due benefits. App. 111, No. 14-4141 (emphasis added).

Thus, although the SSA was required to withhold $6,000 (Binder's fee) from Lerner's past-due benefits, the SSA acknowledged both its failure to do so and that Lerner owed Binder $6,000.[3] But the bankruptcy court's discharge of Lerner's debts precluded Binder from recovering the $6,000 from Lerner.[4]

In May of 2014, Binder both moved to reopen Lerner's proceeding in bankruptcy court to challenge the debt discharge and began an action in district court seeking a judgment against the SSA for $6,000. The bankruptcy court denied Binder's motion to reopen Lerner's proceeding in August of 2014. And, after cross-motions for summary judgment, the district judge granted summary judgment to the SSA, concluding "that 42 U.S.C. § 406(a) does not waive the sovereign immunity of the SSA" "such that an

---

[3] Perhaps to persuade Lerner to pay Binder the fees, the SSA further wrote:
> [T]he lawyer/representative will contact you for the payment of the approved fee of $6,000.00. If you do not pay the lawyer/representative this approved fee, he can contact us for payment. We will proceed to withhold benefits from you to the extent of the approved fee or the amount that should have been withheld, whichever is smaller.

App. 111, No. 14-4141.

[4] At oral argument, the SSA suggested that the bankruptcy also precluded it from fulfilling its statutory recoupment duties under 42 U.S.C. § 404(a) pertaining to overpayments, and getting the $6,000 back from Lerner. As we discuss in footnote 6, however, these statutory recoupment duties need not be addressed if, as we hold, the SSA is entitled to sovereign immunity.

attorney may sue the SSA to recover the amount of a certified fee from the SSA." *Binder & Binder*, 55 F. Supp. 3d at 443.

*Binder & Binder's Representation of David Walton*

In the second underlying case, David Walton, a Michigan resident, entered into a similar fee agreement with Binder in 2007. After an only partially favorable decision by the ALJ, the Appeals Council remanded the case to the ALJ, and in May of 2010, Walton received a fully favorable decision. Following multiple requests by Binder, the ALJ authorized Binder to charge and collect its fees in October 2012. *Binder & Binder*, 2014 WL 6632713, at *2.

In November of 2012, Walton notified the SSA that he was entitled to the full amount of his benefits, without any fees withheld pursuant to Binder's representation, because Walton had filed for bankruptcy in June and had listed Binder as an unsecured creditor. Walton's bankruptcy attorneys also sent the SSA a copy of Walton's Notice of Bankruptcy Filing. *Id.* In January of 2013, the bankruptcy court granted Walton a discharge of the debt, which Binder did not oppose. Shortly thereafter, the SSA disbursed just under $15,000 to Walton and notified both Walton and Binder of the payment. The $15,000 included Binder's fees.

Binder then began a lawsuit against the SSA in district court, seeking the amount of its fee, and the SSA sent a letter to Walton stating that it would not take further action

7

on the issue of Binder's fees, which was for Binder, Walton, and the bankruptcy court to resolve. *Id.*

On the SSA's motion for summary judgment, the district court noted the disagreement on the issue of sovereign immunity between the district court in *Binder & Binder v. Astrue*, 848 F. Supp. 2d 230, 240-45 (E.D.N.Y. 2012), and the district court in *Binder & Binder, P.C. v. Colvin*, 55 F. Supp. 3d 439 (E.D.N.Y. 2014)—the Binder/Lerner case now also before us. Ultimately, the district court agreed "with the decision reached in *Binder & Binder, P.C. v. Colvin*, that 42 U.S.C. § 406 lacks an unequivocally expressed waiver of sovereign immunity, and, consequently, conclude[d] that Plaintiff's action for money damages against the SSA [was] barred." *Binder & Binder*, 2014 WL 6632713, at *6.

**DISCUSSION**

We review a district court's grant of summary judgment *de novo* to determine whether the district court properly concluded that there was no genuine dispute as to any material fact. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003).

8

**I**

We hold that the Social Security Act's fee provision, 42 U.S.C. § 406(a), does not waive sovereign immunity and that Binder's lawsuits for money damages are therefore barred.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994); *see also Adeleke v. United States*, 355 F.3d 144, 150 (2d Cir. 2004) ("It is, of course, axiomatic under the principle of sovereign immunity that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.") (internal quotation marks omitted). Moreover, "waivers of sovereign immunity must be 'unequivocally expressed' in statutory text, and cannot simply be implied." *Id.* (quoting *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33 (1992)).

Binder contends that sovereign immunity is waived by the statutory instruction that "the Commissioner of Social Security shall . . . certify for payment out of such past-due benefits . . . to such attorney an amount equal to so much of the maximum fee as does not exceed 25 percent of such past-due benefits." 42 U.S.C. § 406(a)(4). But under the Social Security Act's fee structure, it is the claimant who pays the attorney from her entitlements, and the SSA – in deducting those fees from its payments to the claimant – serves only as an intermediary. The Social Security Act creates a statutory duty for the SSA "to fix the fees of claimant's attorneys and to withhold and transmit the fees so

9

fixed." *Binder & Binder PC v. Barnhart*, 481 F.3d 141, 151 (2d Cir. 2007) (hereinafter, *Binder II*).

Our Court earlier recognized this aspect of the fee provision in the context of a neighboring provision of the Social Security Act, which governs fees for cases that proceed to judicial review. In *Wells v. Bowen*, we were presented with fee petitions under both the Social Security Act, 42 U.S.C. § 406(b), and the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). *Wells v. Bowen*, 855 F.2d 37 (2d Cir. 1988). We there noted that the "principal difference between the SSA [Social Security Act] fee provision and the EAJA is that EAJA fees are paid by the government to the litigant to defray the cost of legal services whereas the SSA [Social Security Act] fees are paid by the litigant to the attorney from the past-due benefits awarded." *Id*. at 41. And we contrasted the EAJA, which "is based on a waiver of the normal principles of sovereign immunity," with the Social Security Act fee provision, which "is simply a statutory interference with the attorney client contractual relationship"—thereby, indicating that there is no similar waiver of sovereign immunity under the Social Security Act. *Id.* at 42 (internal quotation marks omitted).

The language of § 406(a) differs slightly from § 406(b), the provision in *Wells*. Section 406(a) provides that the Commissioner "shall" fix, approve, and certify such a fee, while § 406(b) provides that a court "*may* determine . . . a reasonable fee," which the Commissioner "*may* certify" out of past due benefits (emphasis added).

10

But this difference, reflecting the mandatory nature of § 406(a), does not constitute a waiver of sovereign immunity. The substitution of *shall* for *may* does not amount to an "unequivocally expressed statutory waiver" of sovereign immunity reflecting the consent of the United States to be sued for money damages. *Cty. of Suffolk, N.Y. v. Sebelius*, 605 F.3d 135, 140 (2d Cir. 2010) (internal quotation marks omitted). *See also Beaulieu v. Vermont*, 807 F.3d 478, 484-85 (2d Cir. 2015) (discussing how statutory language acknowledging "legal obligations under federal law" nonetheless "says nothing about how that obligation may be enforced [and] does not constitute an implicit, much less an explicit waiver of its sovereign immunity from private suit"). The fact remains that the Social Security Act fees, whether for services before the SSA or the court, are the plaintiff's debt and not the government's.[5] The failure of the SSA to deduct the fees that the plaintiff owes its lawyer may be a wrong on the part of the SSA. But the existence of a wrong – even a statutory wrong – by the government, does not, without more, waive sovereign immunity.

---

[5] Binder, in its briefing, relies on a closing footnote in one of our earlier decisions, *Binder II*, to suggest that we have previously implied, in dicta, that the fee provision provides for waiver of sovereign immunity. Binder Br. 18 ("*Binder II* quickly disposed of the doctrine of sovereign immunity defense . . . in [f]ootnote 4"). *See also Binder & Binder*, 848 F. Supp. 2d at 239 ("[I]n *Binder II* the Second Circuit refused to consider, and thereby implicitly rejected, the SSA's sovereign immunity defense . . .") (citing footnote 4 of *Binder II*). In that closing footnote in *Binder II*, this Court wrote that "[a]lthough the SSA raises the defense of sovereign immunity as to Binder's claims, our conclusion that the SSA had the duty to pay Binder the certified fee dispels the need for us to address this defense." *Binder II*, 481 F.3d at 152 n.4. We disagree with Binder's characterization of this footnote in *Binder II*, which stands for nothing more than what it explicitly says: that, given the particular narrow issue before us in *Binder II* (whether the SSA had a statutory duty to deduct fees from claimant's payments), we did not need to reach the issue of whether there could be sovereign immunity should the SSA neglect its duty and be sued, and that, therefore, we took no position on it.

In other words, Binder confuses rights and remedies. Binder begins by noting that it "continues to be entitled to its statutorily awarded legal fees," Binder Br. 9; fair enough.  It then says that such a right means that the "SSA remains *liable* to [Binder] for the award fees . . ." Binder Br. 17 (emphasis added).   But, as Judge Bianco aptly observed "[a]lthough *Binder II* recognizes a statutory *duty* [based on 42 U.S.C. § 406(a)] on the part of the SSA, the decision does not establish a corresponding remedy of money damages against the SSA for breach of that duty."  *Binder & Binder*, 55 F. Supp. 3d at 444.  There may well be a wrong (the SSA's alleged failure to disburse fees), but to pursue successfully the remedy that Binder seeks (damages from the SSA) for this wrong, Binder must demonstrate a waiver of sovereign immunity.[6]  And it has failed to cross this threshold.

Not surprisingly, our sister circuits have held as we have in cases similar to the ones before us today.  In fact, the Third Circuit rejected a nearly identical suit from Binder itself.  *See In re Handel*, 570 F.3d 140, 145 (3d Cir. 2009) ("Section 406 does not represent a waiver of sovereign immunity vis-a-vis attorney's fees; accordingly, Binder has no direct recourse against the Commissioner of Social Security for the unpaid amount [of attorney's fees from bankrupt claimant]."); *see also Pittman v. Sullivan*, 911 F.2d 42, 46 (8th Cir. 1990) ("Section 406 cannot be construed as a waiver of immunity

---

[6] Binder also argues that because the government could recoup any damages paid to Binder from future payments to the claimant, sovereign immunity is not applicable.  But without a waiver of sovereign immunity, payments to Binder cannot occur, and thus the sovereign's possible right to recoup such payments is irrelevant. *See Binder & Binder,* 55 F. Supp. at 445-46, for a thorough and persuasive rejection of Binder's argument.

because it contemplates payment of the fee award by the *claimant*, out of past-due benefits, rather than by the government, out of general funds.") (internal quotation marks omitted).[7]

**CONCLUSION**

We realize that our holding today "may leave some aggrieved parties without relief, but that is inherent in the doctrine of sovereign immunity." *Adeleke*, 355 F.3d at 150-51. That does not mean that the plaintiffs do not have a genuine grievance. As the government acknowledged at oral argument, the SSA does make "inadvertent" mistakes, as it did in failing to disburse fees for Binder's representation of Lerner. We can hope that the agency and Congress will consider fashioning remedies for those injured by such mistakes when the federal courts cannot. *See* ROBERT KATZMANN, COURTS AND CONGRESS 69 (1997) (discussing the importance of "facilitat[ing] communication between the appellate courts and Congress concerning opinions that identify perceived problems in statutes"). But, because the federal courts are not the correct venue for Binder's claims, we **AFFIRM** the judgments of the district courts.

---

[7] Binder contends that the Federal Tort Claims Act (FTCA) provides a waiver of sovereign immunity for its lawsuit. The SSA counters that Binder's failure to raise this claim below has led to gaps in the record regarding whether Binder has complied with the administrative exhaustion requirement of the FTCA. *See* 28 U.S.C. § 2675(a). We decline to address Binder's argument. *See Lugo v. Hudson*, 785 F.3d 852, 855 (2d Cir. 2015) (*per curiam*) ("Because this issue is raised for the first time on appeal, we need not consider it."). Accordingly, we take no position on whether the FTCA could constitute a limited waiver of sovereign immunity in the instant cases or whether administrative exhaustion occurred.