24-2666-cv
*Tanjutco v. NYLife Sec. LLC*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of December, two thousand twenty-five.

PRESENT:
> BETH ROBINSON,
> SARAH A. L. MERRIAM,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

Carolina P. Tanjutco,

> *Petitioner-Appellant,*

> v.                                                            24-2666

NYLife Securities LLC, Financial Industry
Regulatory Authority, New York Life
Insurance Company, United States
Securities & Exchange Commission,

> *Respondents-Appellees,*

Carol Maria Luttati, acting as Chair of Financial Industry Regulatory Authority,

*Respondent*.

_____

FOR PETITIONER-APPELLANT: Carolina P. Tanjutco, *pro se*, New York, NY.

FOR RESPONDENTS-APPELLEES NYLIFE SECURITIES LLC AND NEW YORK LIFE INSURANCE COMPANY: Christopher J. Murdoch, Emry Murdoch LLC, Chicago, IL.

FOR RESPONDENT-APPELLEE FINANCIAL INDUSTRY REGULATORY AUTHORITY: William A. Wright, Faegre Drinker Biddle & Reath LLP, Princeton, NJ.

FOR RESPONDENT-APPELLEE UNITED STATES SECURITIES AND EXCHANGE COMMISSION: Michael S. Bailey, Trial Attorney, Melinda Hardy, Assistant General Counsel, Securities and Exchange Commission, Washington, DC.

Appeal from a judgment of the United States District Court for the Southern District of New York (Moses, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Carolina P. Tanjutco, representing herself (*pro se*), appeals the district court's September 11, 2024 judgment dismissing her petition to confirm in part and vacate in part an arbitral award. Tanjutco filed her original petition against NYLife Securities LLC, New York Life Insurance Company (together, "New York Life"), and Carol Maria Luttati, "acting as Chair of Financial Industry Regulatory Authority." New York Life App'x at 1. On its own initiative, the district court dismissed the petition for lack of subject matter jurisdiction but granted leave to amend. *Tanjutco v. NYLife Sec. LLC*, No. 23-cv-4889, 2023 WL 4848465, at *3–5 (S.D.N.Y. Jul. 27, 2023). Tanjutco then filed an amended petition against New York Life, the Financial Industry Regulatory Authority ("FINRA"), and the Securities and Exchange Commission ("SEC"). The respondents moved to dismiss or otherwise opposed the petition. The district court dismissed the petition, concluding that it lacked subject matter jurisdiction over Tanjutco's claims against the SEC and New York Life, and that Tanjutco failed to state a claim against FINRA. *Tanjutco v. NYLife Sec. LLC*, No. 23-cv-4889, 2024 WL 4135686, at *9–15 (S.D.N.Y. Sept. 10, 2024).

Where a district court grants a defendant's Rule 12(b)(1) motion to dismiss, an appellate court will review the district court's factual findings for clear error

3

and its legal conclusions without deference. *Aurecchione v. Schoolman Transp. Sys. Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). We review a dismissal for failure to state a claim without deference to the district court. *Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024). "A complaint survives a Rule 12(b)(6) motion to dismiss if the facts, taken as true and with all reasonable inferences drawn in the plaintiff's favor, state a plausible claim to relief." *Id.*[1] Because Tanjutco "has been *pro se* throughout, [her] pleadings and other filings are interpreted to raise the strongest claims they suggest." *Id.*

First, the district court properly dismissed Tanjutco's claims against the SEC due to sovereign immunity. It is " 'axiomatic' under the principle of sovereign immunity 'that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.' " *Adeleke v. United States*, 355 F.3d 144, 150 (2d Cir. 2004) (quoting *United States v. Mitchell*, 463 U.S. 206, 212 (1983)). Because "waivers of sovereign immunity must be unequivocally expressed in statutory text, and cannot simply be implied," there must be some statutory basis from which to conclude that there has been a waiver of sovereign

---

[1] In quotations from caselaw and the parties' briefing, this summary order omits all internal quotation marks, footnotes, and citations, and accepts all alterations, unless otherwise noted.

4

immunity for a court to have jurisdiction. *Binder & Binder, P.C. v. Colvin*, 818 F.3d 66, 70 (2d Cir. 2016).

Here, Tanjutco asserted that her "right to federal due process [was] violated when the [SEC] authorized [FINRA] to enter disclosure reports in associated person's Central Records Depositary (or CRD) submitted by financial institutions, available to public disclosure through FINRA/Brokercheck." FINRA App'x at 298. Tanjutco generally sought damages, and to the extent that Tanjutco sought those damages from the SEC based on alleged constitutional due process violations, the SEC was entitled to sovereign immunity. Tanjutco did not identify any provision waiving sovereign immunity and empowering the district court to hear her due process claim against the SEC, and none is apparent. *See Adeleke*, 355 F.3d at 151–52. And Tanjutco has not otherwise alleged that the SEC was involved in the underlying arbitration and provides no other basis for a claim against the SEC. As a result, the district court lacked subject matter jurisdiction to entertain Tanjutco's claims against the SEC.

Second, the district court properly dismissed Tanjutco's claims against FINRA. "[A]rbitrators in contractually agreed upon arbitration proceedings are absolutely immune from liability in damages for all acts within the scope of the

arbitral process," and this immunity extends to the "sponsoring organization." *Austern v. Chicago Bd. Options Exchange, Inc.*, 898 F.2d 882, 886 (2d Cir. 1990). To the extent that Tanjutco's claims against FINRA were related to the underlying arbitration, the claims were therefore barred by arbitral immunity. And to the extent that Tanjutco sought damages from FINRA for its operation of the BrokerCheck disclosure system and the alleged "defamatory disclosures placed on her record," FINRA App'x at 298, "[t]here is no question that [a self-regulatory organization] and its officers are entitled to absolute immunity from private damages suits in connection with the discharge of their regulatory responsibilities," *Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 637 F.3d 112, 115 (2d Cir. 2011); *see also Cohen v. UBS Fin. Servs., Inc.*, 799 F.3d 174, 176 (2d Cir. 2015) ("FINRA is a self-regulatory organization.").

Finally, the district court properly dismissed Tanjutco's claims against New York Life for lack of subject matter jurisdiction. "[U]nder Sections 9 and 10 [of the FAA], a party may apply to the court to confirm, or alternatively to vacate, an arbitral award." *Badgerow v. Walters*, 596 U.S. 1, 4 (2022). However, the FAA's "authorization of a petition does not itself create jurisdiction," and a federal court must have "an independent jurisdictional basis to resolve the matter." *Id.*

6

In considering whether a Section 9 or 10 petition presents an independent jurisdictional basis, the court cannot "look through" the application to the underlying substantive dispute. *Id.* at 5. "Rather, a jurisdictional basis independent of the FAA must appear on the face of the application itself." *Trustees of N.Y. State Nurses Ass'n Pension Plan v. White Oak Glob. Advisors, LLC*, 102 F.4th 572, 584 (2d Cir. 2024). As a result, Tanjutco cannot rely solely on the Federal Arbitration Act to establish federal jurisdiction and must demonstrate an independent basis for jurisdiction: either diversity or a federal question.

No jurisdictional basis independent of the FAA was apparent on the face of Tanjutco's petition. Tanjutco invoked constitutional rights and asserted that the action concerned interstate commerce, but Tanjutco did not allege that New York Life, a private entity, was "acting under color of state law," a requirement to bring a constitutional claim. *See McGugan v. Aldana-Bernier*, 752 F.3d 224, 229 (2d Cir. 2014). There is thus no basis for federal question jurisdiction because there is no cognizable federal claim. *See City of New York v. Exxon Mobil Corp.*, 154 F.4th 36, 41 (2d Cir. 2025) ("[F]ederal question jurisdiction generally exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint").

7

Nor did Tanjutco establish diversity jurisdiction. Diversity jurisdiction requires the suit to be between "citizens of different States" or "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332. "For diversity purposes, a corporation is considered a citizen of the state in which it is incorporated and the state of its principal place of business," and a limited liability company "takes the citizenship of each of its members." *Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgm't LLC*, 692 F.3d 42, 48–49 (2d Cir. 2012). Here, New York Life was a citizen of New York. And Tanjutco claimed that she was either a resident of New York or a dual American citizen living abroad in the Philippines.

In either event, diversity jurisdiction was not established. "United States citizens domiciled abroad are neither citizens of any state of the United States nor citizens or subjects of a foreign state," with the consequence that "§ 1332(a) does not provide that the courts have jurisdiction over a suit to which such persons are parties." *Herrick Co. v. SCS Communications, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001). So if Tanjutco was a dual citizen living abroad, there is no diversity. But if she was a New York resident, then there was not complete diversity given New York

Life's own New York citizenship.  Either way, there is no basis for diversity jurisdiction.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court