21-1092-cv
Singh v. RXR 620 Master Lease

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of June, two thousand twenty-two.

PRESENT: ROSEMARY S. POOLER,
RAYMOND J. LOHIER, JR.,
WILLIAM J. NARDINI,
*Circuit Judges*.

------------------------------------------------------------------

HARINDER JEET SINGH,

*Plaintiff-Appellant*,

v.                                                          No. 21-1092-cv

RXR 620 MASTER LEASE, LLC, RXR PROPERTY MANAGEMENT LLC, SECURITAS SECURITY SERVICES CORPORATION, EXCEL SECURITY CORP,

*Defendants-Appellees*.*

------------------------------------------------------------------

* The Clerk of Court is directed to amend the caption as set forth above.

FOR PLAINTIFF-APPELLANT: HARINDER JEET SINGH, *pro se*, Jackson Heights, NY

FOR DEFENDANTS-APPELLEES RXR 620 MASTER LEASE, LLC, RXR PROPERTY MANAGEMENT LLC, AND SECURITAS SECURITY SERVICES CORPORATION: JEFFREY M. SCHLOSSBERG (Brittany A. Tarazona, *on the brief*), Jackson Lewis P.C., Melville, NY, (Todd H. Girshon, Daniel Schudroff, Jackson Lewis P.C., New York, NY, *on the brief*)

FOR DEFENDANT-APPELLEE EXCEL SECURITY CORP: ARTHUR J. ROBB, Clifton Budd & DeMaria, LLP, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Paul A. Crotty, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Harinder Jeet Singh, proceeding pro se, appeals from the judgment of the United States District Court for the Southern District of New York (Crotty, J.) dismissing his discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and his conspiracy claim under 42 U.S.C. § 1985.   We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain

our decision to affirm.

From 2006 to 2012, Singh, an American citizen of Asian-Indian descent, was employed by Excel Security Incorporated ("Excel"), Quality Protection Services ("QPS"), and other security contractors. At all times relevant to this appeal, he worked at a large commercial building in New York City owned by RXR Master Lessee, LLC and managed by RXR Property Management, LLC (together, "RXR").[1]

In 2009, while Singh was working for Excel, he was passed over for a promotion and filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). In 2012 QPS briefly took over as the building's security contractor, but later that year, Securitas Security Services USA, Inc. ("Securitas") replaced QPS and told QPS employees to reapply for their positions with Securitas. The change from QPS to Securitas happened while Singh was on vacation abroad for four weeks and had disabled his cell phone service. Securitas was therefore unable to reach Singh, who did not reapply for his position in time, and his prior job was filled by another employee.

---

[1] "These facts are taken from the district court decision[] below, which, on [a] motion[] for summary judgment, cite[s] to the Rule 56.1 statements." Binder & Binder, P.C. v. Colvin, 818 F.3d 66, 68 n.2 (2d Cir. 2016).

In addition, while Singh was on vacation, a manager at RXR asked Securitas not to employ Singh at the building and wrote that he was "unimpressed with [Singh's] work and QPS wanted . . . to get rid of him." App'x 24 (quotation marks omitted).

When Singh returned from vacation, he submitted an application but was told that the position for which he had applied was filled and that someone in RXR's upper management did not like him. Thereafter, Singh filed a charge of discrimination with the EEOC. The EEOC found reasonable cause to believe that Securitas retaliated against Singh and, after attempts to resolve the dispute through Title VII's administrative processes failed, the EEOC issued a right-to-sue letter in September 2014.

In December 2014 Singh, represented by counsel in the district court, filed this action. He alleged that (1) Excel failed to promote him based on his race or national origin, (2) Securitas refused to hire or retain him based on his race or national origin, (3) Securitas's refusal to hire or retain him was in retaliation for his 2009 EEOC complaint, and (4) Securitas and RXR conspired to deprive him of his civil rights. RXR and Securitas returned waivers of service but Excel did not, and Singh did not timely serve Excel. When Singh eventually sought to extend

4

the time to serve Excel, the District Court denied his motion under Rule 4(m) of the Federal Rules of Civil Procedure and granted Excel's cross-motion to dismiss under Rule 12(b)(5). After discovery, the District Court granted summary judgment as to the remaining defendants and dismissed Singh's claims.

Singh first challenges the dismissal of his claims against Excel for failure to serve. "We review for an abuse of discretion a district court's Rule 4(m) dismissal for failure to serve process." Zapata v. City of New York, 502 F.3d 192, 195 (2d Cir. 2007). Although a district court generally "must dismiss the action without prejudice" if a plaintiff does not timely serve a defendant, "the court must extend the time for service for an appropriate period" "if the plaintiff shows good cause for the failure" to serve. Fed. R. Civ. P. 4(m). Singh did not request an extension based on good cause and instead asked the district court to exercise its discretion to extend the time for service. While "a district court may grant an extension in the absence of good cause, . . . it is not required to do so." Zapata, 502 F.3d at 197.

Before denying Singh's motion, the District Court "weighed the impact that a dismissal or extension would have on the parties." Id. The court considered, for example, that Excel declined to waive service but was aware of

5

the claims, Singh made no attempt to timely serve Excel or request an extension, and the delay of over nine months after the service deadline prejudiced Excel. See App'x 18–19. We find no abuse of discretion in the District Court's denial of the motion under Rule 4(m).

Singh next challenges the grant of summary judgment as to his remaining three claims: discrimination under Title VII, retaliation under Title VII, and conspiracy under § 1985(3). "We review de novo a grant of summary judgment, construing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in his favor." Natofsky v. City of New York, 921 F.3d 337, 344 (2d Cir. 2019) (quotation marks omitted).

Even assuming that Singh established a prima facie case of discrimination and retaliation under the Title VII burden-shifting framework laid out in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), the District Court correctly granted summary judgment.[2] Securitas proffered a legitimate, non-discriminatory reason for not hiring Singh: he failed to timely apply for the job

---

[2] The District Court dismissed Singh's Title VII claims against RXR because they were not his employer for Title VII purposes. See App'x 26–27. We need not address this issue because Singh does not raise it on appeal. See LoSacco v. City of Middletown, 71 F.3d 88, 93 (2d Cir. 1995). In any event, Singh fails to rebut the legitimate, non-discriminatory reason for his not being hired.

and, once he did apply, the job was already filled. See Brown v. Coach Stores, Inc., 163 F.3d 706, 710 (2d Cir. 1998) (noting that a plaintiff must "allege that she or he applied for a specific position or positions and was rejected therefrom"). Singh was on vacation when Securitas accepted applications for and filled the position, and Securitas's attempt to contact Singh was unsuccessful because he disabled his phone. Therefore, Securitas filled the position with the only person who timely applied for it. Singh fails to rebut Securitas's non-discriminatory explanation. No reasonable juror could conclude that the explanation is a pretext for discrimination or retaliation, and the District Court therefore correctly dismissed his claims. See McDonnell Douglas, 411 U.S. at 804.

We also affirm the District Court's dismissal of Singh's § 1985(3) claim. Section 1985(3) "may not be invoked to redress violations of Title VII." Great Am. Fed. Sav. & Loan Ass'n v. Novotny, 442 U.S. 366, 378 (1979). Singh's § 1985(3) claim is premised on the same facts and alleged discrimination as his Title VII claims. Because the "deprivation of a right created by Title VII cannot be the basis for a cause of action under § 1985(3)," the District Court correctly dismissed the claim. Id.

We have considered Singh's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court